# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

|  |  |  |
|---|---|---|
| **ALEXANDER BLACKMON,** | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | Case No. 1:23-cv-01102-STA-jay |
| **STATE OF TENNESSEE** | ) ) ) | |
| Respondent. | ) ) | |

## ORDER DIRECTING CLERK TO MODIFY THE DOCKET AND SEND FORM, DENYING PETITIONER'S EMERGENCY MOTION, AND DIRECTING PETITIONER TO FILE A SECOND AMENDED COMPLAINT

Petitioner Alexander Blackmon filed a *pro se* habeas corpus petition on May 31, 2023. (ECF No. 1.) On June 20, 2023, Petitioner filed an amended petition ("the Amended Petition"). (ECF No. 3.) The Amended Petition seeks relief under 28 U.S.C. § 2241. (*Id*. at PageID 17.) The Amended Petition is before the Court on preliminary review. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") (applicable to petitions under § 2241 pursuant to Rule 1(b)).

Petitioner challenges the imposition of his state-court sentences and his custody under a state-court judgment.[1] (*Id*. at PageID 17.) According to Petitioner, he received two eight-year sentences of probation after pleading guilty to unspecified drug charges.[2] (*Id*. at PageID 20.)

---

[1] A search of the Tennessee Department of Correction Felony Offender Information website returned two individuals named "Alexander Blackmon," but the identifying information for those offenders does not match the information Petitioner provides in the Amended Petition. *See* https://foil.app.tn.gov/foil/results.jsp (last accessed May 8, 2024).)

[2] The Clerk is **DIRECTED** to modify the docket to record Jonathan Skrmetti, Tennessee Attorney General, as Respondent, and terminate the State of Tennessee as a party to this action. *See* Fed. R. Civ. P. 25(d).

He claims that his sentences are unlawful because he was never charged or indicted for any crime. (*Id*. at PageID 17.)  Petitioner also raises various claims of ineffective assistance of counsel. (*Id*. at PageID 18-19.)  He also requests monetary damages of $1,000,000,000 and injunctive relief.  (ECF No. 4 at PageID 39-40.)

Although Petitioner requests relief under § 2241, his claims are subject to review under 28 U.S.C. § 2254.  *See Saulsberry v. Lee*, 937 F.3d 644, 647 (6th Cir. 2019) (explaining that "§ 2254 is the exclusive vehicle of habeas relief for prisoners in custody under a state judgment") (internal quotation marks and citation omitted)); *see also Rittenberry v. Morgan*, 468 F.3d 331, 337 (6th Cir. 2006) (holding that "all petitions seeking relief from state court convictions are . . . specifically filed under [§] 2254") (internal quotation marks and emphasis omitted)).

A § 2254 petition filed by a person in state custody "must substantially follow either the form appended to [the Habeas Rules] or a form prescribed by a local district-court rule."  Habeas Rule 2(d).  This district uses the form published by the Administrative Office of the United States Courts.  Petitioner did not use the official form, and as a result, did not provide certain information that is relevant to the Court's preliminary review.

Further, under § 2254, a petitioner may seek habeas relief "on the ground that he is in custody in violation of the Constitution or law or treaties of the United States."  § 2254(a). Habeas corpus proceedings, therefore, inquire only into the legality of a petitioner's detention, and "the only judicial relief authorized is the discharge of the prisoner or his admission to bail" if the court finds that his detention is unlawful.  *Hart v. Ohio Bureau of Prob. & Parole*, 290 F.2d 550, 551 (6th Cir. 1961) (per curiam).  This means that a petitioner cannot use the writ to "invoke

judicial determination of questions which do not affect the lawfulness of the custody of the detention." *Id*. Accordingly, Petitioner cannot seek relief inappropriate in habeas corpus proceedings, such as monetary damages and injunctive relief.

Petitioner is **ORDERED** to file an amended petition that substantially follows the district's official § 2254 form no later than 28 days from the date this Order is entered. Any amended petition should identify all grounds for relief available to Petitioner and state the facts supporting each ground. *See* Habeas Rule 2(c). Failure to file an amended petition will result in the dismissal of Petitioner's *pro se* motions and the case without further notice for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure. The Clerk is **DIRECTED** to mail Petitioner the official § 2254 form and make a notation on the docket of the date of mailing.

Petitioner has also filed an Emergency Motion to Render Decision, asking the Court to rule on his habeas petition because the State of Tennessee has not filed an answer. (ECF No. 4.) This motion is **DENIED** as premature given that the Court has ordered Petitioner to file an amended petition and because the Court has yet to order Respondent to file an answer or a response in this case.

**IT IS SO ORDERED**.

              s/ S. Thomas Anderson
              S. THOMAS ANDERSON
              UNITED STATES DISTRICT JUDGE

              Date: May 8, 2024