IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

|  |  |
|---|---|
| **ALEXANDER BLACKMON,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 1:23-cv-01102-STA-jay |
| ) | |
| **JONATHAN SKRMETTI,** ) | |
| ) | |
| Respondent. ) | |
| ) | |

**ORDER DISMISSING § 2254 PETITION WITHOUT PREJUDICE,
DENYING CERTIFICATE OF APPEALABILITY, CERTIFYING THAT
APPEAL WOULD NOT BE TAKE IN GOOD FAITH,
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS***

Petitioner Alexander Blackmon filed a *pro se* habeas corpus petition on May 31, 2023. (ECF No. 1.) On June 20, 2023, Petitioner filed an amended petition that sought relief under 28 U.S.C. § 2241. (ECF No. 3 at PageID 17.) Because Petitioner was challenging the imposition of his state-court sentences and his custody under a state-court judgment, the Court determined that Petitioner's claims were subject to review 28 U.S.C. § 2254, not § 2241. (ECF No. 5 at PageID 44.) The Court ordered Petitioner to file a second amended petition that substantially followed the district's official § 2254 form. (*Id*. at PageID 45.)

Petitioner filed his second amended petition on June 4, 2024. (ECF No. 6.) The second amended petition is before the Court on preliminary review. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"). For the reasons that follow, Petitioner's second amended petition is **DISMISSED WITHOUT PREJUDICE**.

Petitioner alleges that he received two eight-year sentences of probation after pleading guilty to unspecified drug charges involving cocaine and methamphetamine.[1]  (ECF No. 6 at PageID 46.)   He seeks to challenge his convictions under § 2254, asserting claims of ineffective assistance of counsel and prosecutorial misconduct.  (*Id*. at PageID 50-51.)  Petitioner states, however, that his state post-conviction application is still pending in the Gibson County Circuit Court.  (*Id*. at Page ID 48.)

"A federal court may not grant a writ of habeas corpus unless the applicant has exhausted all available remedies in state court."  *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009) (citing 28 U.S.C. § 2254(b)(1)(A)).  In Tennessee, a petitioner exhausts state remedies on a claim when the claim is presented to at least the Tennessee Court of Criminal Appeals ("TCCA").  *See Adams v. Holland*, 330 F.3d 398, 402 (6th Cir. 2003) (citing Tenn. Sup. Ct. R. 39).  Petitioner has yet to present his claims to the TCCA because, as he acknowledges, the county circuit court has yet to rule on his state post-conviction application.  (*See* ECF No. 6 at PageID 48.)  Petitioner has therefore failed to exhaust his available state court remedies, and he is not entitled to relief under § 2254 on any of his claims.  *See Wagner*, 581 F.3d at 414; § 2254(b)(1)(A).

Because the instant § 2254 petition is premature, it is **DISMISSED WITHOUT PREJUDICE** to its refiling after the state court proceedings have concluded.

---

[1] A search of the Tennessee Department of Correction Felony Offender Information website returned two individuals named "Alexander Blackmon," but the identifying information for those offenders does not match the information Petitioner provides in the Second Amended Petition.  *See* https://foil.app.tn.gov/foil/results.jsp (last accessed July 1, 2024).)

## APPELLATE ISSUES

There is no absolute entitlement to appeal a district court's denial of a § 2254 petition. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2254 petitioner. Habeas Rule 11. A petitioner may not take an appeal unless a circuit or district judge issues a COA. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).

A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. § 2253(c)(2)-(3). A "substantial showing" is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). When a petition is denied on procedural grounds, the petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. In this case, reasonable jurists could not debate the correctness of the Court's decision to dismiss the second amended § 2254 petition on the ground that Petitioner has failed to exhaust his state court remedies. Because any appeal by Petitioner does not deserve attention, the Court **DENIES** a certificate of appealability.

Additionally, Federal Rule of Appellate Procedure 24(a)(1) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting

3

affidavit. However, if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. See Fed. R. App. P. 24(a)(4)-(5). In this case, for the same reasons the Court denies a COA, the Court determines that any appeal would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to Rule 24(a) that any appeal in this matter would not be taken in good faith and leave to appeal *in forma pauperis* is **DENIED**.[2]

    **IT IS SO ORDERED**.

                                          s/ S. Thomas Anderson
                                          S. THOMAS ANDERSON
                                          UNITED STATES DISTRICT JUDGE

                                          Date: July 2, 2024

---

[2] If Petitioner files a notice of appeal, he must pay the full appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the Sixth Circuit Court of Appeals within 30 days of the date of entry of this Order. See Fed. R. App. P. 24(a)(5).